IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENNETH W. BARNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2-11-cv-463-MEF |
| ) | (WO—Do not publish) |
| ALABAMA DEPARTMENT OF ) | |
| FINANCE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This cause comes before the Court on the Motion for Summary Judgment (Doc. #30) filed by the plaintiff, Kenneth Barnett, and the Cross-Motion for Summary Judgment (Doc. # 36) filed by the defendant, the Alabama Department of Finance (ADOF). The Magistrate Judge, after considering these motions, submitted a Report and Recommendation (Doc. # 50) recommending this Court deny Barnett's motion and grant the ADOF's motion. For the reasons discussed below, the Report and Recommendation will be ADOPTED IN PART and MODIFIED IN PART. It will be ADOPTED as to the factual findings developed by the Magistrate Judge and as to the recommended outcome. The report will be modified, however, so as to clarify the basis for granting summary judgment in favor of the ADOF. More specifically, the Court will note how the 180-day rule bars Barnett's sex and age discrimination claims and how the Report and Recommendation, though applying the wrong standard, correctly recommended granting

1

summary judgment on those claims, even assuming Barnett filed them timely. The Court, moreover, will adopt the Report and Recommendation as to Barnett's retaliation claim without reservation.

## II. DISCUSSION

### A. Barnett's failure to file his complaint in a timely manner

As the Magistrate Judge noted, Barnett did not timely file his complaint with the Equal Opportunity Employment Commission (EEOC). (*See* Doc. # 50 at 7 n.6.) As a general rule, "the time for filing an EEOC charge begins to run when the employee receives unequivocal notice of the adverse employment decision." *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1100 n.19 (11th Cir. 1996); *see also* 29 U.S.C. § 626(d)(1)(A); *Wright v. AmSouth Bancorporation*, 320 F.3d 1198, 1201 (11th Cir. 2003) (applying 180-day rule to ADEA claim). Here, the employment action Barnett complains of—the ADOF's decision to promote Elizabeth Fralish to Risk Management Supervisor over him—occurred on October 30, 2009. Yet he waited until September 7, 2010—well over 180 days—to file a complaint with the EEOC. Therefore, his Title VII and ADEA claims, to the extent that he alleges discrimination based on his employer's decision not to promote him, are untimely.

### B. The standard for comparing a plaintiff's qualifications to a comparator's

Although the 180-day rule barred Barnett's discrimination claims, the Magistrate Judge evaluated the allegations on the merits, too. In doing so, he compared Barnett's qualifications to those of Fralish, asking whether the disparity in qualifications between the two was "so apparent as virtually to jump off the page and slap you in the face."

2

*Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1268 (11th Cir. 2001). The Supreme Court, however, has made clear that courts should not apply the slap-you-in-the-face standard. *Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457 (2006) ("The visual image of words jumping off the page to slap you (presumably a court) in the face is unhelpful and imprecise as an elaboration of the standard for inferring pretext from superior qualifications."). Thus the incorrect standard was applied in formulating the Report and Recommendation.

Yet, given the dearth of pretext evidence produced by Barnett, the Magistrate Judge reached the right result. The ADOF offered a legitimate, non-discriminatory reason for hiring Fralish: they thought she had better qualifications, namely a degree in Building Science and twenty-two years of experience evaluating structures. Barnett also had a number of disciplinary issues during his time with the ADOF, which could have led an employer to prefer Fralish over him for the job. These too amount to legitimate, non-discriminatory reasons for choosing Fralish.

Barnett failed to rebut these reasons by showing that they amounted to nothing more than pretext to conceal impermissible discrimination. He could have done so by showing that the disparities in his and Fralish's qualifications were "of such weight and significance that no reasonable person, in the exercise of impartial judgment, could have chosen" Fralish over him. *See Lee v. GTE Fla., Inc.*, 226 F.3d 1249, 1253–54 (11th Cir. 2000). Or he could have pointed to "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the ADOF's proffered reasons, *Brooks v. Cnty. Comm'n of Jefferson Cnty.*, 446 F.3d 1160, 1163 (11th Cir. 2006), or produced other

evidence "which [would] permit[] the jury to reasonably disbelieve the employer's proffered reason," *Steger v. Gen. Elec. Co.*, 318 F.3d 1066, 1079 (11th Cir. 2003). He did none of these things. Accordingly, his claims fail and granting summary judgment in favor of the ADOF is proper.

### C. Barnett's retaliation claim

The portion of the Report and Recommendation advising the Court to grant summary judgment in the ADOF's favor applied the proper standards. That part of the report will thus be adopted in full.

### III. CONCLUSION

For the reasons discussed above, it is hereby ORDERED as follows:

1. The Report and Recommendation of the Magistrate Judge (Doc. # 50) is ADOPTED IN PART and MODIFIED IN PART as discussed above.

2. Barnett's Strong Objection to the Report and Recommendation (Doc. # 53) is OVERRULED.

3. Barnett's Motion for Summary Judgment (Doc. # 30) is DENIED.

4. The ADOF's Cross-Motion for Summary Judgment (Doc. # 36) is GRANTED.

A separate final judgment will be forthcoming.

Done this the 19th day of April, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE